1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLFO A. ALVAREZ,<br><br>Petitioner,<br><br>v.<br><br>JEFF MACOMBER, Secretary,<br><br>Respondent. | Case No.  1:23-cv-00968-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

On June 28, 2023, Petitioner filed the instant petition for writ of habeas corpus in this Court.  Because the petition is successive, the Court will recommend it be **DISMISSED**.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

A federal court must dismiss a second or successive petition that raises the same grounds

as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).  However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

Petitioner challenges his 1999 conviction in the Kern County Superior Court for one count of residential burglary, one count of assault with a deadly weapon and one count of misdemeanor assault, with findings he used a deadly weapon in commission of the burglary offense, the offense was a serious felony, and he had suffered three prior "strikes" under California's Three Strikes law.  He claims his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment.  Petitioner previously sought federal habeas relief in this Court with respect to the same conviction in Alvarez v. Runnels, Case No. 1:04-cv-6488-REC-DLB.  The petition was dismissed with prejudice for violating the statute of limitations.  Id.

The Court finds that the instant petition is "second or successive" under 28 U.S.C. § 2244(b).  See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive").

1  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his
2  successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed
3  application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S.
4  at 157.

5  **ORDER**

6  Accordingly, the Clerk of Court is DIRECTED to assign a District Judge to this case.

7  **RECOMMENDATION**

8  For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition be
9  DISMISSED as successive.

10  This Findings and Recommendation is submitted to the United States District Court
11  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and
12  Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of
13  California.  Within twenty-one days after being served with a copy, Petitioner may file written
14  objections with the Court.  Such a document should be captioned "Objections to Magistrate
15  Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's
16  ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections
17  within the specified time may waive the right to appeal the District Court's order.  Martinez v.
18  Ylst, 951 F.2d 1153 (9th Cir. 1991).

19
20  IT IS SO ORDERED.

21  Dated:  __**June 30, 2023**__                    _____/s/ Sheila K. Oberto_____
22                                                                UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28