UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLFO A. ALVAREZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JEFF MACOMBER, Secretary,<br><br>　　　　Respondent. | No. 1:23-cv-00968-JLT-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY; AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br>(Doc. 5) |

　　　　The assigned Magistrate Judge issued Findings and Recommendations to dismiss this petition as successive. (Doc. 5.) Petitioner filed objections to the Findings and Recommendations. (Doc. 6.)

　　　　According to 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the case. In his objections, Petitioner contends that he is not challenging his conviction or sentence. However, in his petition, Petitioner claims that his 25 years-to-life sentence pursuant to a three-strike enhancement was a draconic and archaic sentence constituting cruel and unusual punishment. (Doc. 1 at 19-20.) To the extent that Petitioner seeks to challenge his sentence, his petition is successive, and he has not demonstrated that he has authorization from the Ninth Circuit Court of Appeals to file a successive petition.

　　　　Petitioner also takes issue with the conditions of his confinement. He contends that prison overcrowding has resulted in prison conditions that are cruel and unusual in violation of the

Eighth Amendment. He argues that the medical and mental health care provided to inmates falls below the standard required under the Eighth Amendment. (Doc. 6 at 2.) He notes that he is a member of the class action suit in *Brown v. Plata*, 563 U.S. 493 (2011). Such claims are not cognizable in a federal habeas action. They must be raised either within the class action suit in which Petitioner is a member or in a civil rights complaint under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)

Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendations are supported by the record and proper analysis.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

>   (a)   In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
>   (b)   There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>   (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of

appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court declines to issue a certificate of appealability. Accordingly,

1. The Findings and Recommendations issued on July 5, 2023, (Doc. 5), are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **DISMISSED**.
3. The Clerk of Court is directed to enter judgment and close the case.
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 8, 2023**

UNITED STATES DISTRICT JUDGE